IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PARALLEL SEPARATION INNOVATIONS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL OILWELL VARCO, INC.; NATIONAL OILWELL VARCO, LP; NOW OILFIELD SERVICES, INC.; and NATIONAL OILWELL VARCO, LP dba NOV BRANDT and dba BRANDT,<br><br>    Defendants. | Civil Action No. 2:14-cv-00556<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Parallel Separation Innovations LLC files this Complaint against Defendants National Oilwell Varco, Inc.; National Oilwell Varco, LP; NOW Oilfield Services, Inc.; and National Oilwell Varco, LP dba NOV Brandt and dba Brandt (collectively "NOV"), as follows:

## THE PARTIES

1. Plaintiff Parallel Separation Innovations LLC ("PSI") is a Texas limited liability company with a place of business in Texas.

2. On information and belief, Defendant National Oilwell Varco, Inc. is a Delaware corporation with a place of business in Houston, Texas.

3. Defendant National Oilwell Varco, LP is a Delaware limited liability company with a place of business in Houston, Texas.

4. Defendant NOW Oilfield Services, Inc. is a Delaware corporation with a place of business in Houston, Texas.

5. Defendant National Oilwell Varco, LP dba NOV Brandt and dba Brandt is a Delaware limited liability company with a place of business in Houston, Texas.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. NOV is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, NOV, within this district, directly and/or through intermediaries, has advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or has induced the sale and use of infringing products. Further, on information and belief, NOV is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and 1400(b). On information and belief, from and within this Judicial District, Defendants have committed at least a portion of the infringements at issue in this case. Without limitation, on information and belief, within this district Defendants, directly and/or through intermediaries, have a) advertised (including through websites), used, offered to sell, sold, licensed and/or distributed infringing devices; and b) induced the use of infringing devices by others. Without limitation, on information and belief, venue is also proper because Defendants reside in this

Judicial District since they each have contacts within this Judicial District sufficient to subject them to personal jurisdiction if this Judicial District were a separate state.

## BACKGROUND

9. United States Patent No. 5,593,582 ("the '582 patent"), entitled "Two for One Shale Shaker," was duly and legally issued on January 14, 1997 after a full and fair examination.

10. The '582 patent was originally issued to its sole inventor, Mr. John W. Roff, Jr. On or about November 18, 2008, John Roff assigned all rights in and to the '582 patent to his son Jay Roff. Thereafter, on or about November 13, 2012, Jay Roff and the widow of the late John W. Roff, Jr. entered into an Agreement with Acacia Research Group LLC ("Acacia Research"). Pursuant to that Agreement, on or about January 7, 2013, Acacia Research acquired all rights in and to the '582 patent. On or about March 21, 2014, Acacia Research assigned all rights in and to the '582 patent to its wholly owned subsidiary PSI.

11. Accordingly, PSI is the owner by assignment of all substantial rights in and to the '582 patent, including without limitation, the right to grant licenses and to sue for and collect past damages and any other relief for infringement of the '582 patent. Therefore, PSI has standing to bring this lawsuit for infringement of the '582 patent.

## COUNT I – INFRINGEMENT OF THE '582 PATENT

12. NOV has directly infringed at least claim 1 of the '582 patent by actions comprising making, using, selling, offering for sale and/or importing shale shaker devices, such as its VSM™ Multi-Sizer Shale Shaker and any similar shale shaker devices, having (a) a mud box; (b) a first feed inlet; (c) a first screen positioned below said first feed inlet and having two sides; (d) a second feed inlet; (e) a second screen positioned below said second feed inlet and said first screen; said first feed inlet and said second feed inlet in fluid communication with said

mud box; (f) a mud tank located below said second screen; and (g) a bypass mechanism in fluid communication with the side of said first screen opposite the side facing said first feed inlet, said bypass mechanism in fluid communication with said mud tank.

13. NOV has had actual knowledge of the '582 patent for some time. For example, at least as early as June 2010, NOV's outside patent prosecution counsel, and on information and belief NOV's in-house patent counsel and technical employees at NOV, learned of the '582 patent as NOV was attempting to procure patent rights of its own relating to the accused VSM™ Multi-Sizer Shale Shaker. On information and belief, at least the foregoing persons associated with NOV thereafter recognized the applicability of the '582 patent to the accused VSM™ Multi-Sizer Shale Shaker and/or similar shale shakers.

14. On information and belief, at least at early as June of 2010 when NOV learned of the '582 patent, NOV also indirectly infringed the '582 patent by actively inducing others to directly infringe. Such direct infringers included NOV's direct and indirect customers, including for example and without limitation, end users such as those involved with drilling operations in which the accused VSM™ Multi-Sizer Shale Shaker and/or similar shale shakers were employed. NOV's acts of inducing infringement included marketing, promoting (including providing instructions for use), selling, offering for sale and/or importing the accused VSM™ Multi-Sizer Shale Shaker and/or similar shale shakers. On information and belief, at least at early as June of 2010 when NOV learned of the '582 patent, NOV knew that the activities of the foregoing third parties constituted direct infringement of the '582 patent and had specifically intended the foregoing third parties to directly infringe the '582 patent.

## OTHER ALLEGATIONS

15. As a result of NOV's infringing conduct, NOV has damaged PSI. NOV is liable to PSI in an amount that adequately compensates PSI for their infringement, which by law, can be no less than a reasonable royalty.

16. On information and belief, at least since learning of '582 patent, NOV studied the claims of the '582 patent and compared them with the foregoing accused products, thereby obtaining knowledge of its infringements. On information and belief, at least since receiving notice of the '582 patent, NOV took no action to stop or lessen the extent of its own direct infringement, nor did it take any steps to stop or lessen the extent of the direct infringement of the above-referenced third party direct infringers. On information and belief, NOV did not take any steps to redesign its infringing products to avoid infringement, nor did it seek a license from the owner of the '582 patent, nor did it took any action to warn its direct and indirect customers of their infringements of the '582 patent. Accordingly, on information and belief, at least since shortly after obtaining actual knowledge of the '582 patent, NOV acted in an objectively reckless manner, which justifies a finding that its infringements was willful.

## PRAYER FOR RELIEF

WHEREFORE, PSI respectfully requests that this Court enter:

1. A judgment in favor of PSI that NOV has infringed the '582 patent;

2. A judgment in favor of PSI that NOV has willfully infringed the '582 patent;

3. A judgment and order requiring NOV to pay PSI its damages, costs, expenses, fees and prejudgment and post-judgment interest for its infringement of the '582 patent as provided under 35 U.S.C. §§ 284 and/or 285; and

4. Any and all other relief to which PSI may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PSI requests a trial by jury of any issues so triable by right.

April 25, 2014

Respectfully submitted,

/s/ *Henry Pogorzelski*
Henry M. Pogorzelski – Lead Counsel
Texas Bar No. 24007852
Michael J. Collins
Texas Bar No. 04614510
John J. Edmonds
Texas Bar No. 789758
**COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC**
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
Email: hpogorzelski@cepiplaw.com
Email: mcollins@cepiplaw.com
Email: jedmonds@cepiplaw.com

L. Charles van Cleef
Texas Bar No. 00786305
**CHARLES VAN CLEEF
ATTORNEY AT LAW, PC**
PO Box 2432
Longview, TX 75606-2432
Telephone:  (903) 248-8244
Facsimile:  (903) 248-8249

ATTORNEYS FOR PLAINTIFF PARALLEL SEPARATION INNOVATIONS LLC.