IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PARALLEL SEPARATION INNOVATIONS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL OILWELL VARCO, INC.;<br>NATIONAL OILWELL VARCO, LP;<br>NOW OILFIELD SERVICES, INC.; and<br>NATIONAL OILWELL VARCO, LP dba NOV BRANDT and dba BRANDT,<br><br>    Defendants. | Civil Action No. 4:15-CV-00920<br><br>JURY TRIAL DEMANDED |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.

   The Rule 26(f) conference was held on May 5, 2015.  The parties were represented by the following:

   Henry Pogorzelski
   Counsel for Plaintiff Parallel Separations Innovations, L.L.C.
   Collins Edmonds Pogorzelski
   Schlather & Tower, PLLC
   1616 S. Voss Road, Suite 125
   Houston, TX 77057
   Direct:  (281) 501-3388
   Fax:  (832) 415-2535
   hpogorzelski@cepiplaw.com

   Robert M. Bowick
   Bradford T. Laney
   Counsel for all Defendants
   Raley & Bowick, LLP
   1800 Augusta Dr., Suite 300
   Houston, Texas 77057

Phone: (713) 429-8050
Fax: (713) 429-8045
blaney@raleybowick.com

Plaintiff further states that is a patent case transferred from the Eastern District of Texas, and that an additional Rule 26(f) conference was deemed to have occurred November 24, 2014.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    There are no pending related cases.

3. Specify the allegation of federal jurisdiction.

    This is a suit based on patent infringement.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Name the parties who disagree and the reasons.

    NA.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    National Oilwell Varco, L.P. will move to add Acacia Research Company, the parent company of the Plaintiff, as a party before the initial conference currently scheduled for May 15, 2015.  Plaintiff will oppose.

6. List anticipated interventions.

    None.

7. Describe class−action issues.

    None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Plaintiff and Defendants represent that they have made their initial disclosures.

9. Describe the proposed agreed discovery plan, including:

   a. Responses to all the matters raised in Rule 26(f).
   b. When and to whom the plaintiff anticipates it may send interrogatories.
   c. When and to whom the defendant anticipates it may send interrogatories.

   The parties previously agreed and submitted to the East Texas court a discovery plan allowing for 80 interrogatories per side, 80 requests for admissions per side, the depositions of the parties, unlimited document subpoenas for third parties, unlimited depositions on written questions of custodians of business records for third parties, 80 hours of nonparty depositions (where "nonparties" shall include both individuals such as employees who are associated with the parties, and third parties) per side, and 3 expert witnesses per side (where the depositions of experts shall not count towards any of the forgoing deposition hour limits).  The parties agree also to allow the depositions of the parties (per the ruling of the East Texas court) and to permit unlimited requests for production (in lieu of the mandatory disclosures required by the East Texas Court).

   Plaintiff sent its first three sets of interrogatories to Defendants on April 22, 2015; April 24, 2015; and May 1, 2015, respectively.  Defendants sent their first set of interrogatories on March 11, 2015.

10. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

    NA

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    In addition to the foregoing interrogatories and initial disclosures, the following patent-related discovery has also taken place:

    - Plaintiff has served its infringement contentions, per E.D. Tex. P.R. 3-1 & 3-2
    - Defendants have served their invalidity contentions, per E.D. Tex. P.R. 3-3 & 3-4

- Parties have exchanged proposed terms for construction, per E.D. Tex. P.R. 4-1
- Parties have exchanged preliminary proposed constructions, per E.D. Tex. P.R. 4-2
- Parties have filed their Joint Claim Construction and Prehearing Statement, per E.D. Tex. P.R. 4-3

12. State the date the planned discovery can reasonably be completed.

    Plaintiff contends that discovery including expert discovery, can and should be can be completed within four months from the date that the Court issues its claim construction opinion.

    Defendants contend that discovery including expert discovery, can and should be can be completed within 10 months from the date that the Court issues its claim construction opinion.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Counsel for the parties have on various occasions discussed settlement at a very high level.  The East Texas court previously assigned a mediator, Mr. Bill Cornelius, to this case.  Plaintiff believes that mediation before Mr. Cornelius or other seasoned mediator may hold the possibility for prompt settlement.

    Based on prior settlement discussions, Defendants believe a prompt settlement is unlikely.   Defendants are willing to mediate to see if a settlement can be reached.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Plaintiff has suggested the parties' respective client representatives communicate directly regarding settlement.

    National Oilwell Varco, L.P. filed a petition for *inter partes* review at the Patent and Trademark Office asserting nine grounds of invalidity of the patent-at-issue.  NOV believes this proceeding will invalidate all claims asserted by the Plaintiff.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

Plaintiff believes that mediation before a seasoned mediator would be appropriate. Defendants are willing to mediate.

16. Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties do not agree to trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    A timely jury demand has been made.

18. Specify the number of hours it will take to present the evidence in this case.

    Plaintiff submits that it will take approximately 35 hours to present the evidence in this case.

    Defendant submits that it will take approximately 40 – 50 hours (10 days of trial) to complete all aspects of a trial, including voir dire and opening/closing statements.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

20. List other motions pending.

    None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

Counsel for Plaintiff Parallel Separations Innovations LLC:

Henry Pogorzelski
Texas Bar No. 24007852
Michael J. Collins
Texas Bar No. 04614510
John J. Edmonds
Texas Bar No. 789758
Shea Palavan, J.D.
Texas Bar No.: 24083616
Collins Edmonds Pogorzelski
Schlather & Tower, PLLC
1616 S. Voss Road, Suite 125
Houston, TX 77057
Phone: (281) 501-3425
Fax: (832) 415-2535


Counsel for Defendants:

John W. Raley
Texas Bar No.: 16488400
Robert M. Bowick
Texas Bar No.: 24029932
Bradford T. Laney
Texas Bar No.: 24070102
Raley & Bowick, LLP
1800 Augusta Dr., Suite 300
Houston, Texas 77057
Phone: (713) 429-8050
Fax: (713) 429-8045
blaney@raleybowick.com

May 5, 2015                                        Respectfully submitted,

                                                /s/ *Henry Pogorzelski*
Henry M. Pogorzelski – Lead Counsel
Texas Bar No. 24007852
Michael J. Collins
Texas Bar No. 04614510
John J. Edmonds
Texas Bar No. 789758
Shea Palavan, J.D.
Texas Bar No.: 24083616
**COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC**
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
Email: hpogorzelski@cepiplaw.com
        mcollins@cepiplaw.com
        jedmonds@cepiplaw.com
        spalavan@cepiplaw.com

*Attorneys for Plaintiff
Parallel Separation Innovations LLC*


**Raley & Bowick, L.L.P.**

 /s/ *John W. Raley*
John W. Raley
Robert M. Bowick
Bradford T. Laney
Raley & Bowick, LLP
1800 Augusta Dr., Suite 300
Houston, Texas 77057
Phone: (713) 429-8050
Fax: (713) 429-8045
rbowick@raleybowick.com
jraley@raleybowick.com
blaney@raleybowick.com

**ATTORNEYS FOR DEFENDANTS NATIONAL
OILWELL VARCO, INC., NATIONAL OILWELL
VARCO, L.P., NOW OILFIELD SERVICES, INC.,
NATIONAL OILWELL VARCO, LP DBA NOV
BRANDT AND DBA BRANDT**

7

## CERTIFICATE OF SERVICE

  I hereby certify that an electronic copy of this document is being served upon all counsel of record via the Court's CM/ECF system per Local Rule 5.1

May 5, 2015                  */s/ Henry Pogorzelski*
                           Henry Pogorzelski